**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
EURO PACIFIC CAPITAL INC.,          :
individually and in its capacity    :
as Investor Representative and      :
attorney-in-fact for                :
BRUCE WALKER RAVENEL, et al.,       :
                                    :
           Plaintiffs,              :
                                    :
        - against -                 :
                                    :
BOHAI PHARMACEUTICALS GROUP, INC., :
                                    :
           Defendant.               :
------------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:                      │
│ DATE FILED: 1/21/16         │
└─────────────────────────────┘
```

15-cv-4410 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Euro Pacific Capital Inc. ("Euro Pacific"), individually and in its capacity as Investor Representative and attorney-in-fact for Bruce Walker Ravenel, brought this action against Bohai Pharmaceuticals Group, Inc. ("Bohai"). Euro Pacific asserted several causes of action against Bohai including breach of contract, breach of covenant, breach of implied covenant of good faith and fair dealing and securities fraud. (Dkt. No. 1.) Before Bohai answered, Euro Pacific amended its complaint to remove its securities fraud allegations made pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 ("Amended Complaint"). (Dkt. No. 13.)

Bohai filed the instant motion to stay this action and compel arbitration pursuant to 9 U.S.C. Sections 3 and 206 ("Motion to Compel Arbitration"). (Dkt. No. 15.) In the

alternative, Bohai moves for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss", together with "Motion to Compel Arbitration", the "Motion"), dismissing Euro Pacific's claims for breach of covenant and breach of implied covenant of good faith and fair dealing. (Dkt. No. 18.) Euro Pacific filed its opposition ("Euro Pacific Opp.") (Dkt. No. 23), and Bohai its reply ("Bohai Reply") (Dkt. No. 26).

For the reasons discussed below, the Court DENIES Bohai's Motion in its entirety.

## I.   BACKGROUND[1]

In January 2010, Bohai, a publicly-held Nevada corporation with its headquarters in China, consummated a $12,000,000 financing with noteholders and shareholder investors (collectively, "Investors") whereby Bohai issued 6,000,000 units at $2.00 per unit. Each unit consisted of:

---

[1] Except where otherwise noted explicitly, the factual summary below is derived from the Amended Complaint, dated September 11, 2015 (Dkt. No. 13) and "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)(internal quotes omitted); Memorandum of Law in Support of Motion to Dismiss or Stay and Compel Arbitration, dated October 5, 2015 (Dkt. No. 18); Memorandum of Law in Opposition to Defendant's Motion to Dismiss or Stay and Compel Arbitration, dated November 16, 2015 (Dkt. No. 23); and Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss and to Compel Arbitration, dated December 4, 2015 (Dkt. No. 26). Except where specifically quoted, no further citation to these sources will be made. The Court accepts the facts alleged in the Complaint as true for the purposes of ruling on the motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers, 282 F.3d 147, 152 (2d Cir. 2002).

(a) a $2.00 principal amount and two-year convertible note (collectively, "Notes") and (b) a three-year common stock purchase warrant to purchase one share of Bohai's common stock, par value $0.001 at $2.40 per share. Euro Pacific served as lead placement agent, Investor representative, and attorney-in-fact for 124 of the 128 purchasers of the Notes.

At the same time as the parties executed the Notes, they entered into a Securities Purchase Agreement ("SPA"), governing the purchase of the Notes, and a Registration Rights Agreement ("RRA"), governing Bohai's obligation to register certain common stock (the Notes, collectively with the SPA and the RRA, the "Transaction Documents").

The Transaction Documents each contain substantially the same forum selection clause:

> Each party agrees that all legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by this Note (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced exclusively in the state and federal courts sitting in the City of New York. Each party hereto hereby irrevocably submits to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, New York for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of this Note, and hereby irrevocably waives, and agrees to not assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of any such

3

court, that such suit, action or proceeding is improper. (emphasis added). (Dkt. No. 23.)

Subsequent to the execution of the Transaction Documents, Bohai defaulted on the Notes. On December 31, 2011, the parties executed the first of five amendments to the Notes extending the maturity date to April 5, 2012. Euro Pacific and Bohai entered into the four additional amendments to the Notes on: May 15, 2012; June 27, 2012; December 6, 2012; and April 21, 2014 (together with the December 21, 2011 amendment, the "Amendments"). Each amendment extended the maturity date of the Notes and expanded Bohai's ability to incur debt or liens, or make capital expenditures. The current maturity date of the Notes is April 5, 2016.

Each Amendment to the Notes provides that "all legal proceedings concerning the interpretations, enforcement, and defense of the transactions contemplated by this Amendment (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced exclusively in the state and federal courts sitting in the City of New York." (emphasis added). (Dkt. No. 23.)

In May 2012, following the execution of the Transaction Documents and the first Amendment to the Notes, Bohai represented to Euro Pacific that regulations enacted in China

4

prevented them from transferring their funds out of China. As a result, Euro Pacific entered into a Three Parties Fund Escrow Agreement ("FEA") with Yantai Shencaojishi Pharmaceuticals Co., Ltd. ("Shencaojishi") and Rural Credit Cooperative of Laisham District, Yantai City ("Escrow Bank") for the purpose of depositing certain funds ("Escrow Funds") for the payment of the Notes. While Bohai is not a party to the FEA Agreement, Shencaojishi is a China subsidiary of Bohai. Pursuant to the terms of the FEA, Bohai, through its subsidiary, placed the outstanding amount owed under the Notes into an account to be held in escrow and guaranteed the payment of the Notes.

The FEA contains the following forum selection clause:

Any dispute arising from and related to this Agreement shall be resolved through the negotiation between Party A, Party B, and Party C. If the parties fail to resolve the disputes upon negotiations, they agree to resolve them in the manner stipulated in item (1) below: Applying to China International Economic and Trade Arbitration Commission Shanghai Branch for arbitration. (Dkt. No. 23.)

In addition to requiring interest and principal payments on the Notes, the SPA and the RRA both contained provisions requiring Bohai to make timely public filings with the Securities and Exchange Commission ("SEC"). In November 2014, Bohai ceased filing reports with the SEC. The last report

5

Bohai filed with the SEC was for the quarter ending in September 2014.

In February 2015, Bohai informed Euro Pacific that it stopped reporting to the SEC in order to speed up its efforts to go private. In March 2015, Euro Pacific made a demand on Bohai that it disclose its books, financial statements, records, and material financial information to shareholders for valuation. Bohai did not comply with Euro Pacific's request and subsequently failed to issue the required payments on the Notes, thus defaulting. Euro Pacific filed the instant action on June 8, 2015. (Dkt. No. 1.)

## II.   DISCUSSION

The Court will first consider Bohai's Motion to Compel Arbitration because it raises a jurisdictional challenge. See Spiro v. Healthport Technologies, LLC, 73 F. Supp. 3d 259, 266 (S.D.N.Y. 2014) ("Because it is jurisdictional, the Court first considers defendants' argument that plaintiffs lack standing.").

A.   MOTION TO COMPEL ARBITRATION

1. Legal Standard

In deciding a motion to stay or dismiss an action pending arbitration, this Court must resolve all doubts "in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). In reaching its decision,

the Court may review and consider documents referenced in the complaint and public disclosure documents filed with the SEC. See Chambers, 282 F.3d at 152-53. The Court may also consider extrinsic evidence bearing on whether the parties agreed to arbitrate. See BS Sun Shipping Monrovia v. Citgo Petroleum Corp., No. 06 CIV. 839, 2006 WL 2265041, at *3, n. 6 (S.D.N.Y. Aug. 8, 2006); see also Sutherland v. Ernst & Young LLP, 768 F. Supp. 2d 547, 548, n.1 (S.D.N.Y. 2011) (in deciding a motion to compel arbitration, "the Court considers, as it must, the extrinsic evidence submitted by the parties"), rev'd and remanded on other grounds, 726 F.3d 290 (2d Cir. 2013). "[T]he reach of the arbitration clause must be interpreted according to the parties' intentions and by ascertaining and examining the context in which it was made." Creative Sec. Corp. v. Bear Stearns & Co., 671 F. Supp. 961, 965 (S.D.N.Y. 1987), aff'd without opinion, 847 F.2d 834 (2d Cir. 1988).

Equitable estoppel principles allow a non-signatory to an arbitration agreement to compel a signatory to that agreement to arbitrate a dispute where "a careful review of 'the relationship among the parties, the contracts they signed . . . and the issues that [have] arisen' among them discloses that 'the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement

7

that the estopped party has signed.'" JLM Indus., Inc. v. Stolt-Nielson SA, 387 F.3d 163, 177 (2d Cir. 2004) (quoting Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co., 271 F.3d 403, 406 (2d Cir. 2001)); see also Birmingham Assocs. Ltd. v. Abbott Labs., 547 F. Supp. 2d 295, 301 (S.D.N.Y. 2008) (same).

Where there are multiple contracts related to the underlying dispute, only some of which contain an arbitration clause, courts commonly find that contractual claims founded upon one agreement may still sufficiently relate to another agreement such that the latter agreement's arbitration clause compels arbitration of the entire dispute. See Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 20 (2d Cir. 1995) ("[A]lthough claims two and three seek relief under the 1988 Agreement, our analysis is not controlled by the characterization of them in the pleading. Instead, we look to the conduct alleged and determine whether or not that conduct is within the reach of the 1977 arbitration clause."). As the court in Collins & Aikman Prods. Co. explained: "The question is not whether the second and third claims arise under the 1988 Agreement, which has no arbitration clause; the question is whether these claims plead conduct that 'aris[es] out of or [is] related to' the 1977 Contracts, which does have such a clause." Collins & Aikman Prods. Co., 58 F.3d at 21 (2d

Cir. 1995); see also China Auto Care, LLC v. China Auto Care
(Caymans), 859 F. Supp. 2d 582, 589 (S.D.N.Y. 2012) (same);
Vermont Pure Holdings, Ltd. v. Descartes Sys. Grp., Inc., 140
F. Supp. 2d 331, 335 (D. Vt. 2001) ("Although Vermont Pure
attempts to cast its claims under the [first contract] and
not the [second contract], it is clear that its claims are
necessarily connected to the [second contract] such that they
are covered by its arbitration clause.").

    2. Analysis

    Bohai, a non-signatory to the FEA, relies on principles
of equitable estoppel in arguing that Euro Pacific, a
signatory to the FEA, should be compelled to arbitrate the
instant dispute. First, Bohai asserts that although it was
Shencaojishi that signed the FEA, Bohai wholly owns and
operates Shencaojishi's business and therefore, has standing
to enforce the arbitration agreement. Second, Bohai argues
that all of Euro Pacific's claims arise out of the same set
of facts; namely, that Bohai breached its contractual
covenants and defaulted on the Notes. Bohai asserts that the
FEA modified the Notes by not only extending the maturity
date but also selecting arbitration as the forum for resolving
the parties' disputes pursuant to the Notes more generally,
including the instant dispute. Finally, Bohai argues that the
forum selection clauses in the Amendments that were executed

after the FEA are limited to the specific document that includes the clauses. As such, Bohai claims that the instant dispute is subject to arbitration.

Euro Pacific argues that it did not agree to arbitrate a dispute arising from the obligations under the Notes. Euro Pacific maintains that the parties expressly agreed to resolve all disputes in New York courts and governed by New York law.

First, Euro Pacific claims that the matters at issue and the facts alleged in this action pertain only to the enforcement and breach of the Transaction Documents, not the FEA, and the Transaction Documents do not contain any arbitration provision. Specifically, Euro Pacific argues that it brought this action because Bohai failed to report to the SEC in breach of contract and default of the Transaction Documents and breach of covenant and breach of implied covenant and good faith due to the intentional bad faith on the part of Bohai to drive down the price of the stock. These claims, according to Euro Pacific, touch and concern only the Transaction Documents.

Second, Euro Pacific contends that the arbitration clause in the FEA is limited to disputes arising under the FEA. Euro Pacific points to the language of the FEA's arbitration clause which states: "any dispute arising from

10

and related to this Agreement . . . ." (Dkt. No. 23 at 11.)
The FEA specifically defines "Agreement" as "this [FEA],
exhibits thereof, and any amendments modifications and
supplements to this Agreement and exhibits." Id. This wording
is in direct contrast to the Transaction Documents, which
Euro Pacific claims all cross-reference one another.
Therefore, Euro Pacific argues that the arbitration clause in
the FEA did not replace, supplement, modify, or otherwise
amend Bohai's obligation under the Notes.

Third, Euro Pacific notes that it entered into the FEA
with Shencaojishi and the Escrow Bank for the limited purpose
of depositing certain funds in escrow for the payment of the
Notes based on Bohai's representations that regulations
enacted in China prevented them from transferring the funds
out of China. Euro Pacific does not dispute that Shencaojishi
is a Chinese subsidiary of Bohai, but maintains that Bohai is
not a party to the FEA Agreement. Euro Pacific explains that
the arbitration clause was designed specifically to protect
the Chinese banks because they have no presence in the United
States and did not want to be subject to a United States
forum. Moreover, the FEA is the only document to which
Shencoajishi and the Escrow Bank are parties.

Fourth, Euro Pacific argues that had the parties wanted
to contract to arbitrate disputes arising under the Notes

they could have done so. Specifically, Euro Pacific highlights that the Notes were amended four times after the FEA was executed, and that each extension contains the same jurisdictional and forum selection clause, requiring that all disputes be brought in courts in New York City and governed by New York law. While Euro Pacific does not dispute that a subsequent contract regarding the same matter may supersede a prior contract, it maintains that: (1) the subject matter of the FEA, and the signatories to it, are different from the prior Transaction Documents and (2) it would be illogical for the FEA, but not the subsequent Amendments to the Notes, to supersede the Transaction Documents.

The Court is persuaded that the parties did not intend to arbitrate disputes concerning default of the Notes. The Court is further persuaded that the parties explicitly contracted to resolve all disputes arising from their business relationships in the courts of New York, New York and governed by New York law. Accordingly, the Court denies Bohai's Motion to Arbitrate. See China Auto Care, LLC, 859 F. Supp. 2d at 585 ("No party may be required to submit to arbitration any dispute that it has not agreed to arbitrate.").

As Euro Pacific argues, the parties could have, but did not, include an arbitration clause in any of the Transaction

12

Documents or in any of the Amendments subsequent to the execution of the FEA. Moreover, the fact that the Notes were amended on several separate occasions after the FEA was executed, and each such extension contains the same jurisdictional and forum selection clause requiring that all disputes be brought in the courts in New York City and governed by New York law, further supports Euro Pacific's argument that the reason the arbitration clause was entered in the FEA was that Shencaojishi and the Escrow Bank preferred arbitration.

Further, the Court is persuaded, substantially for the reasons stated in Euro Pacific's Opposition, that the arbitration clause in the FEA is limited to disputes arising from and related to the FEA agreement. The Court agrees with Euro Pacific that the alleged breach of contract is due to Bohai's failure to file timely reports with the SEC pursuant to the Transaction Documents and therefore does not arise out of the escrow arrangement in the FEA.

Bohai relies on Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc., to argue that the FEA and the Transaction Documents form a single transaction governed by the FEA's arbitration clause. See 269 F. Supp. 2d 356 (S.D.N.Y. 2003). Bohai's reliance on Sea Spray Holdings, Ltd. is misguided. In that case, the two contracts at issue were signed on the same

13

day by the same parties. Here, the Transaction Documents were executed in January 2010, the FEA was executed in May 2012, and the Amendments were executed on five different dates over the course of 2011 to 2014. Moreover, Bohai is not a party to the FEA whereas the two Chinese entities are parties only to the FEA.

Accordingly, the Court denies Bohai's Motion to Arbitrate.

B.   <u>MOTION TO DISMISS</u>

1. <u>Legal Standard</u>

The Motion argues that Euro Pacific's third and fourth causes of action, breach of implied covenant of good faith and fair dealing and breach of covenant, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") because they are duplicative of Euro Pacific's breach of contract claim.

"To survive a motion to dismiss [pursuant to Rule 12(b) (6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

14

alleged." Id. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555.

The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Chambers, 282 F.3d at 152 (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

Specifically, a covenant of good faith and fair dealing is implied in every contract "pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 407 (2d Cir. 2006) (internal quotes omitted). A breach of implied covenant of good faith and fair dealing and breach of covenant can survive a motion to dismiss "if it is based on allegations different than those underlying

15

the accompanying breach of contract claim." ARI & Co. v. Regent Int'l Corp., 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003).

   2. Analysis

   Bohai argues that Euro Pacific's claims under the Transaction Documents arise out of the same set of operative facts, namely Bohai's failure to provide timely payments as a result of Bohai's lack of compliance with the terms and covenants of the Transaction Documents. As such, Bohai argues that Euro Pacific's breach of implied covenant of good faith and fair dealing and breach of covenant claims are duplicative.

   Euro Pacific alleges that Bohai breached the SPA and the RRA by failing to make timely public filings. Euro Pacific alleges that Bohai's failure to satisfy the required reporting obligation with the SEC comprises the breach of contract claim. Euro Pacific argues that the breach of implied covenant of good faith and fair dealing and breach of covenant claims arise out of Bohai's deceptive scheme to depress the market for its shares so that the company could buy back the securities at a lower value in order to take the company private.

   Euro Pacific highlights several facts alleged in the Amended Complaint that support the breach of implied covenant of good faith and fair dealing and breach of covenant claims,

including but not limited to: (1) Bohai's delay and stall tactics that caused Euro Pacific, in good faith, to continually extend the maturity date of the Notes; (2) Bohai's claims that it was unable to pay off its debt while still maintaining profitable reports; (3) Bohai's failure to respond to Euro Pacific's request for information, books, and records; and (4) Bohai's explanation to Euro Pacific that it stopped reporting to the SEC to speed up "the go private process" and Bohai's decision to "go dark". (Dkt. No. 13, 23.)

In addition, Euro Pacific argues that the damages remedy it is seeking for the breach of contract claim is distinct from the injunctive relief it is seeking for the breach of covenant claim, requiring Bohai to report to the SEC. See Kahn v. N.Y. Times Co., 503 N.Y.S. 2d 561, 566 (App. Div. 1st Dept. 1986) (granting a mandatory injunction requiring the defendant to provide relevant business information to the plaintiff based on a breach of covenant cause of action).

The Court is persuaded that Euro Pacific's breach of implied covenant of good faith and fair dealing and breach of covenant claims are supported by facts and remedies distinct from the breach of contract claims alleged in the Amended Complaint. As such, Bohai's Motion to Dismiss is DENIED.

17

## IV.   CONCLUSION

For the reasons stated above, the Court finds that the parties did not contract to arbitrate disputes with Bohai arising from the Notes. Moreover, accepting all well-pleaded factual allegations in the Amended Complaint as true and drawing all inferences in Euro Pacific's favor, as is required in adjudicating a motion to dismiss, see Chambers, 282 F.3d at 152, the Court finds that Euro Pacific has pleaded "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" as to its breach of implied covenant of good faith and fair dealing and breach of covenant claims. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## V.   ORDER

Accordingly, it is hereby

**ORDERED**   that   the   motion   of   defendant   Bohai Pharmaceuticals Group, Inc. to Dismiss and Compel Arbitration (Dkt. No. 15) is **DENIED**.

**SO ORDERED.**

Dated:      New York, New York
            21 January 2016

                                        _____
                                        VICTOR MARRERO
                                        U.S.D.J.

18