USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/13/2018____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EURO PACIFIC CAPITAL INC., *et al.*,    :
                                        :
                    Plaintiffs,    :      **ORDER**
                                        :
  -v.-                                  :      15-CV-4410 (VM) (JLC)
                                        :
BOHAI PHARMACEUTICALS GROUP, INC.,      :
                                        :
                    Defendant.     :
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      In a Report and Recommendation dated July 28, 2017 (Dkt. No. 53), I recommended plaintiff Euro Pacific's motion for an inquest into damages be denied without prejudice to renewal. Plaintiff objected and, in support of its objection, filed, *inter alia*, an Affidavit of Peter Chema, dated October 11, 2017 (Dkt. No. 61). Judge Marrero subsequently ordered that I receive the Chema Affidavit into evidence and reconsider plaintiff's motion upon review of the additional evidence (Dkt. No. 62).

      Upon review of the Chema Affidavit and its accompanying exhibits, the Court finds that the submission appears to be internally inconsistent and ambiguous with regard to plaintiff's request for interest, and therefore directs plaintiff to make a further submission to the Court.

      Specifically, according to the Chema Affidavit, due to amendments to the promissory notes at issue in this breach of contract action, damages should be calculated using different interest rates over time. The Chema Affidavit states that: (1) from January 1, 2010 through January 4, 2012, interest was accruing on the principal at a rate of 8% per annum as established by the original promissory notes; (2) from January 5, 2012 to April 4, 2016, interest was accruing at a rate of 12% per annum as established by the amendments to the promissory notes;

(3) from April 4, 2016 (the date the Clerk of the Court entered a certificate of default against defendant) to October 11, 2017, interest was accruing at a rate of 9%, the "New York Statutory judgment interest rate." Chema Affidavit ¶ 27.[1]

However, plaintiff also submitted a table that purports to reflect interest sought (*see* Chema Affidavit ¶ 28, citing Ex. 1) that appears to calculate interest using different time periods and also fails to explicitly state what interest rate is being applied. According to the table: (1) from an unspecified start date through April 21, 2014, interest was accruing at an unspecified rate; (2) from April 22, 2014 to April 4, 2016, interest was accruing at a (presumably different) unspecified rate; and from April 5, 2016 to October 11, 2017, "post-judgment interest" was accruing. Chema Affidavit Ex. 1 at 2.[2]

Furthermore, plaintiff has not provided sufficient support for the date from which it seeks pre-judgment interest.[3] Plaintiff has not explained why it has begun to calculate pre-judgement interest on the day that the Clerk of the Court entered a certificate of default (April 4, 2016), as opposed to the maturity date (April 5, 2016).

On its face, the Chema Affidavit and its accompanying exhibits are insufficient to satisfy plaintiff's burden of establishing the damages to which it is purportedly entitled. As the table

---

[1] These ranges appear consistent with the promissory notes submitted as Exhibits 11–16 of the Chema Affidavit. According to the notes, the parties agreed to a rate of 8% per annum from January 1, 2010 until January 4, 2012 (Ex. 11), and, through subsequent amendments, to a rate of 12% per annum from January 5, 2012 to April 5, 2016 (the maturity date set by the final amendment to the notes) (Exs. 12–16).

[2] As Exhibit 1 lacks pagination, the citation to a page number refers to the pagination generated by this District's Electronic Case Files ("ECF") system.

[3] In New York, "[i]n an action on a promissory note, CPLR 5001 permits a creditor to recover prejudgment interest from the date on which each payment of principal or interest became due under the terms of the note until the date on which liability is established," which, for purposes of this inquest, will be the date of entry of judgment. *Gliklad v. Cherney*, 132 A.D.3d 601 (1st Dep't 2015).

2

conveying plaintiff's calculation of damages does not explicitly indicate what interest rate is being applied and appears to contradict the Chema Affidavit and the promissory notes, and as the start date for pre-judgment interest sought is not sufficiently explained, the Court does not have a basis upon which it can establish damages for interest with a reasonable certainty.

Accordingly, it is hereby **ORDERED** that:

1. No later than **February 16, 2018**, plaintiff shall supplement the Chema Affidavit with any additional evidence, authorities, and legal arguments it may wish to bring to the Court's attention regarding the calculation of interest.
2. Plaintiff shall serve defendant with a copy of any supplemental documents filed with the Court, including a copy of this Order.
3. A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.

**SO ORDERED.**

Dated:  New York, New York
        February 13, 2018.

_____
JAMES L. COTT
United States Magistrate Judge