

**THE SEIDEN GROUP**
ATTORNEYS AT LAW

469 Seventh Avenue, Suite 502
New York, NY 10018
(212) 523-0686
www.seidenlegal.com

Zhenling Zhang, Esq.
Email: zzhang@seidenlegal.com
Direct Dial: (646) 766-1704

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/19
```



August 8, 2019

**BY HAND DELIVERY**
Hon. Victor Marrero
500 Pearl Street
Suite 1040
New York, New York 10007

Re: *Euro Pacific Capital, Inc., et al. v. Bohai Pharmaceuticals Group, Inc.*
(1:15-cv-04410)

Dear Judge Marrero:

  My firm has recently been engaged to represent Euro Pacific Capital, Inc. et al., the Plaintiffs in this matter. We submit this letter pursuant to your Individual Practices section 11.A.2. to request that the Court appoint a receiver over defendant and judgment debtor Bohai Pharmaceuticals Group, Inc. ("Bohai"), pursuant to Federal Rules of Civil Procedure 66 ("Rule 66") and New York's Civil Practice Law & Rules 5228 ("CPLR 5228").

  By way of background, on June 8, 2015, Plaintiffs initiated this action against Bohai seeking damages stemming from Bohai's breach of its obligations under the terms of a convertible note, a securities purchase agreement and a registration rights agreement. *See* Dkt. No. 1. After Bohai failed to appear in the action, the Court deemed Bohai in default and allowed Plaintiffs to submit a default judgment motion. *See* Dkt. 42. Subsequently, on March 30, 2018, this Court entered a money judgment against Bohai in the amount of $6,843,549, along with in $1,221,714.12 in interest, $107,194.40 in attorneys' fees, and $9,793.87 in costs. *See* Docket No. 70.

  Due to the unique difficulties U.S. creditors face in collecting judgments and enforcing court orders in the People's Republic of China, it is extremely unlikely that the Plaintiffs will be able to collect on the judgment in the absence of a receiver. One of the primary reasons these China-based operating companies began defrauding their U.S. investors and simply "going dark" was the realization that there was practically no recourse for the U.S. investors. All of the assets, operations, and ownership interests belonging to the holding companies were insulated inside China, and since Chinese courts historically have not entertained US judgments or recognized the powers of foreign corporations to assume or regain control of operating companies within China, there is almost no recourse for the average US investor to recoup losses or enforce judgments.

This case is no exception. Bohai has gone dark in China, where all of its assets and subsidiaries are located and operating. Therefore, without a highly specialized approach and team within China that has experience in this area, it is nearly impossible to take control of the politically- and culturally-insulated China-based companies or assets or to provide the Plaintiffs with any relief.

Rule 66 provides for the appointment of a receivers. Rule 66 states that "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." Accordingly, this Court can look to New York's CPLR 5228, which empowers the court "[to] appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment." CPLR 5228(a). Indeed, the court may appoint a receiver to do whatever is necessary to satisfy the judgment. *See Chlopecki v. Chlopecki*, 745 N.Y.S. 2d 228, 229 (3d Dep't 2002) ("It is well settled that upon motion by a judgment creditor, the court may, in its discretion, appoint a receiver to sell any real property in which the judgment debtor has an interest for the purpose of satisfying an outstanding judgment.").

Without the appointment of a receiver, Plaintiffs have no alternative remedy available to enforce and satisfy the judgment. Alternative remedies of collection—for instance, by execution or turnover—will not satisfy Plaintiff's judgment against Bohai. A specialized receiver is required in order to locate the assets, take control of them, and turn them into cash that can be used to satisfy the judgment or in the alternative to negotiate a settlement with Bohai and its bad actors. As is wholly apparent from Bohai's actions leading up to and during this action, Bohai has no intention of voluntarily recognizing the rights and interests of its U.S. shareholders or complying with and satisfying the judgment on its own. *See Spotnana, Inc. v. American Talent Agency, Inc.*, 2013 WL 227546 (S.D.N.Y. Jan. 22, 2013) (the district court described how the debtors had no intention of voluntarily satisfying the judgment, thereby warranting appointment of a receiver).

For the foregoing reasons, the Plaintiffs respectfully move, pursuant to Rule 66 and CPLR 5228, for an order appointing a receiver over Defendant Bohai Pharmaceuticals Group, Inc. in order to satisfy the outstanding judgment that was entered against Bohai in the amount of $6,843,549. Furthermore, Plaintiffs request that Robert W. Seiden, Esq. ("Mr. Seiden") serve as the court-appointed receiver due to his unique background, experience, and expertise, having served as receiver over twenty-six (26) China-based companies.

Respectfully submitted,

SEIDEN LAW GROUP LLP

*/s/ Zhenling Zhang*
Zhenling Zhang

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by counsel on behalf of plaintiffs.

SO ORDERED.

8-9-19
DATE

VICTOR MARRERO, U.S.D.J.